22690

Nancy Kuehne CAMP, Appellant v. William SARRATT, James G. Snead, Myles W. Whitlock, David A. Gillispie, Roger L. Couch, Wendell J. Lee, Charles A. Davis, Jerome Bulman, Lewis Harrison and John F. Mabry, Jr., as Executor of the Estate of John F. Mabry, Sr., individually and as members or former members of the Board of Trustees of Spartanburg County School District #6; Floride Martin, individually and as Superintendent of Spartanburg School District #6, Respondents.

(354 S. E. (2d) 390)

Supreme Court

*Albert V. Smith*, of *Turnipseed, Holland & Smith*, Spartanburg, *for appellant.*

*William U. Gunn* and *Robert M. Barrett,* both of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for respondents.*

Heard Feb. 11, 1987.

Decided March 30, 1987.

*Per Curiam:*

Appellant appeals from judgment in this action whereby she sought to recover damages from the respondents School Superintendent (Superintendent) and School District Trustees (Trustees) for personal injuries she sustained when her automobile was struck by a school bus driven by Joseph Ronald Petitt, Jr., on September 26, 1983. Upon respondents' motion, the trial judge granted summary judgment. We affirm.

Prior to commencement of this suit appellant, with the advice of counsel, executed a full, final and complete release for all claims arising out of the September 26, 1983, accident to the State of South Carolina, South Carolina State Board of Education, the South Carolina Department of Education, Royal Insurance Company, their respective *agents, officers, employees* and their respective heirs, successors and assigns, including Joseph Ronald Petitt, Jr.

Thereafter, appellant instituted this action seeking to recover from the respondents School Superintendent and School District Trustees in both their individual and official capacities alleging negligence, gross negligence, and willfulness in seventeen particulars. There are fourteen allegations of direct negligence on the part of the Superintendent and Trustees. The remaining three allegations specify acts of negligence, recklessness and willfulness by Joseph Ronald Petitt, Jr., which appellant seeks to impute to the respondents.

South Carolina Code Ann. § 59-17-10 (1976) provides in part that "[e]very school district is and shall be a body politic and corporate ... of ... the State of South Carolina."

Regulation 43-80 of the State Board of Education provides:

> The Board of Trustees or the governing body of each school district shall be responsible to the State Board of

Education for the supervision of the school [bus] transportation program in the district which shall include the selection of school bus drivers ...

S. C. Code Ann. § 59-67-410 (1976) provides:

The control and management of all school bus transportation in the State shall be vested in the State Board of Education.

We conclude that the Superintendent and Trustees, in their official capacities, are agents of the South Carolina State Board of Education for the purpose of supervising the school bus transportation program, and that prior release of respondents State Board of Education and the school bus driver effectively released respondents School Superintendent and School District Trustees. See *Seaboard Air Line Railroad Company v. Coastal Distributing Company*, 273 F. Supp. 340 (D. S. C. 1967); see also *Garrett v. Jeffcoat*, 483 F. (2d) 590 (4th Cir. 1973).

The remaining issues are affirmed pursuant to Supreme Court Rule 23.

Affirmed.